Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH FRANCIS POWELL, individually and dba POWELL DRILLING & PILE DRIVING,<br><br>    Defendant. | Case No.: C07-5191 CRB<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         June 27, 2008<br>Time:        10:00 a.m.<br>Location:   450 Golden Gate Avenue<br>                  San Francisco, CA<br>Courtroom: 8, 19th Floor<br>Judge:        The Hon. Charles R. Breyer |

TO JOSEPH FRANCIS POWELL, individually and dba POWELL DRILLING & PILE DRIVING:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court shall conduct a hearing on the application of the plaintiffs for the entry of default judgment in this matter. Said hearing shall be conducted on **Friday, June 27, 2008, at 10:00 a.m.**, or as

1

NOTICE OF MOTION FOR DEFAULT JUDGMENT
CASE NO.: C07-1491 CRB

soon thereafter as counsel may be heard before the **Honorable Charles R. Breyer**, in **Courtroom 8, 19th Floor, Federal Courthouse, 450 Golden Gate Avenue, San Francisco, California**. Court information from the United States District Court, Northern District of California website regarding the location of the Courthouse is attached hereto as *Exhibit A*.

**POINTS AND AUTHORITIES**

**I.    STATEMENT OF RELIEF SOUGHT.**

Plaintiffs seek entry of a judgment by default ordering defendant to make payment of employee benefit contributions due and unpaid by defendants Joseph Francis Powell, individually and dba Powell Drilling & Pile Driving, for hours worked by its employees, found due on audit for the period of November 1, 2006 through January 31, 2008; the liquidated damages and interest incurred thereon; auditors' fees and costs; and the attorneys' fees and costs incurred in this action. Additional unpaid contributions have incurred liquidated damages and interest, and plaintiffs claim those amounts herein as well. Pursuant to the terms of the Collective Bargaining Agreement and Trust Agreements, defendants are indebted to the Trust Funds for the following amounts:

| Contributions on audit for 11/1/06 to 1/31/08 | $54,988.21 |
|---|---|
| Payments made | {$26,000} |
| 15% Liquidated damages | $8,247.13 |
| 12% Interest to 2/20/08 | $3706.75 |
| Audit Costs:<br>    Rancourt time cards:    $230.21<br>    Payroll audit:    $1420.50<br>    Total audit costs    $1650.71 | $1,650.71 |
| Contributions 2/08 | $7,325.32 |
|     15% Liquidated damages 2/08 | $1,003.51 |
|     12% Interest (1/08 to 2/08 through 5/15/08 | $995.21 |
| Contributions 3/08 (Est.) | $7,325.32 |
|     15% Liquidated damages 3/08 (Est.) | $1,003.51 |
|     12% Interest 3/08 through 5/15/08 (Est.) | $54.80 |
| Attorneys' fees 9/20/07 to 5/12/08 | $5,224.50 |
| Costs | $588.00 |
| **TOTAL** | **$66,112.97** |

2
**NOTICE OF MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C07-1491 CRB**

## II. ARGUMENT.

### A. BACKGROUND.

As the Court's file will reflect, plaintiffs filed this action on October 10, 2007. Service on the defendant Joseph Francis Powell, individually and dba Powell Drilling & Pile Driving, was completed by October 24, 2007. A Proof of Service was filed with the Court on October 25, 2007. Defendant has failed to plead or otherwise defend or appear, and pursuant to plaintiffs' request, the Clerk entered the defendant's default on December 21, 2007.

### B. THE COURT IS AUTHORIZED TO ENTER DEFAULT JUDGMENT.

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of judgment by default. This action was filed on October 10, 2007. Service on the defendant Joseph Francis Powell, individually and dba Powell Drilling & Pile Driving, was completed by October 24, 2007. A Proof of Service was filed with the Court on October 25, 2007. Defendant failed to plead or otherwise defend or appear per the Court's Order, and pursuant to plaintiffs' request, the Clerk entered the defendant's default on December 21, 2007. Plaintiffs are therefore entitled to a default judgment in their favor and request that the Court now enter default judgment against Joseph Francis Powell, individually and dba Powell Drilling & Pile Driving.

Defendant was properly served with plaintiffs' Request to Enter Default and Notice of Request for Default Judgment, and has made no appearance in this matter. The defendant is not an infant or incompetent person. Accordingly, there exists no obstacle to the granting of plaintiffs' motion.

///

///

///

///

C.     INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES AND COSTS SHALL BE AWARDED TO PLAINTIFFS.

ERISA Section 515 (29 U.S.C. § 1145) states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement. (Emphasis added).

At the time of the October 10, 2007 filing of this action, Joseph Francis Powell, individually and dba Powell Drilling & Pile Driving, had failed to submit payment of contributions found due on an audit of paystubs of employee Bobbie J. Rancourt for the period December 2006 through May 31, 2007 and failed to submit to the resulting request for a payroll audit. Thereafter, an audit of defendant's payroll records for the period November 1, 2006 through January 31, 2008 was performed, finding additional amounts that were due.

None of the contributions due for these months or for February and March 2008 has been paid, nor has payment of liquidated damages and interest accrued for those unpaid contributions been made. Interest on delinquent and unpaid contributions, as well as liquidated damages, attorneys' fees, and costs in an action for collection of contributions are authorized by ERISA Section 502(g), 29 U.S.C. 1132(g), which states:

> (g)(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 (29 U.S.C. § 1145) in which a judgment in favor of the plan is awarded, the court shall award the plan
>
> (B)     interest on the unpaid contributions
>
> (C)     an amount equal to the greater of
>
>        (i) interest on the unpaid contributions,
>        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contributions],
>
> (D)     reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

4

      (E)    such other legal or equitable relief as the Court deems appropriate.

The plaintiffs' action in this matter is based on the statutory duty provided by ERISA Section 515 for payment of contributions provided by the terms of a valid Collective Bargaining Agreement to which defendant is signatory. Defendant's failure to comply with the terms of that Agreement by failing to pay contributions as revealed above was the cause of this litigation, at great expense to plaintiffs in administration, attorneys' fees, and costs, and plaintiffs therefore request that default judgment be entered in their favor. Upon entry of judgment in favor of plaintiffs, interest, liquidated damages, attorneys' fees, and costs must be awarded pursuant to ERISA Section 502(g)(2)(B)(C) and (D).

    D.    **STATUTORY AWARD OF LIQUIDATED DAMAGES, INTEREST, AND ATTORNEYS' FEES IS MANDATORY.**

To award statutory liquidated damages, the Ninth Circuit requires that unpaid contributions exist at the time the lawsuit was filed. <u>Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc.</u>, 875 F.2d 212 (9th Cir. 1989). In this case, contributions for the period of November 1, 2006 through January 31, 2008, remain unpaid to date, along with the liquidated damages and interest incurred by all of those delinquencies as provided above by ERISA Section 502(g), 29 U.S.C. 1132(g).

In <u>Local 81 v. Wedge Roofing</u>, 15 EBC 2470 (ND Cal. 1991), the Court further specified that liquidated damages shall be awarded where further unpaid contributions become delinquent after the filing of the lawsuit. Plaintiffs make this claim on all subsequent contributions.

///

///

///

///

5

**NOTICE OF MOTION FOR DEFAULT JUDGMENT**
**CASE NO.: C07-1491 CRB**
P:\CLIENTS\OE3CL\Powell Drilling\Pleadings\Powell - Motion for Default Judgment\C07-5191 CRB Notice of Motion Default Judgment 052308.doc

Under ERISA Section 502(g), 29 U.S.C. 1132(g), liquidated damages, interest, and reasonable attorneys' fees and costs of this action must be awarded where, as here, suit was filed to collect unpaid contributions. Pursuant to the terms of the Trust Agreement, Joseph Francis Powell, individually and dba Powell Drilling & Pile Driving is liable for audit fees as well.

Plaintiffs therefore request that judgment be entered in their favor and against Joseph Francis Powell, individually and dba Powell Drilling & Pile Driving.

Dated: May 23, 2008

Respectfully submitted,
SALTZMAN & JOHNSON LAW CORPORATION

By:_____/s/_____
　　　　Muriel B. Kaplan
　　　　Attorneys for Plaintiffs

PROOF OF SERVICE

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On May 23, 2008, I served the following document(s):

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

**Powell Drilling & Pile Driving**  
**c/o Joseph Francis Powell**  
**390 Western States Drive**  
**Felton, CA 95018**

**Mark Powell**  
**390 Western States Drive**  
**Felton, CA 95018**

**Joseph Francis Powell**  
**1635 Cedar Haven Way**  
**Newport, TN 37821-6974**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 23rd day of May, 2008, at San Francisco, California.

_____/s/_____  
Diana M. Sage

1

**PROOF OF SERVICE**  
**CASE NO.: C07-1491 CRB**

P:\CLIENTS\OE3CL\Powell Drilling\Pleadings\Powell - Motion for Default Judgment\C07-5191 CRB Notice of Motion Default Judgment 052308.doc