1  Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
(415) 882-7900
4  (415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                 (SAN FRANCISCO DIVISION)

| | |
|---|---|
| 11  GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., | Case No.: C07-5191 CRB |
| 12  | **DECLARATION OF WAYNE E. McBRIDE IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| 13  Plaintiffs, | |
| 14  v. | Date:       June 27, 2008 |
| 15  JOSEPH FRANCIS POWELL, individually and dba POWELL DRILLING & PILE DRIVING, | Time:       10:00 a.m. |
| 16  | Location:   450 Golden Gate Avenue San Francisco, CA |
| 17  Defendant. | |
| 18  | Courtroom:  8, 19th Floor |
| 19  | Judge:      The Hon. Charles R. Breyer |

20        I, Wayne E. McBride, declare as follows:

21        1.        I am the Collections Manager of the Operating Engineers Local Union No. 3 Trust

22  Funds, plaintiffs in the above-captioned matter. I have held this position since January 1995. As

23  Collections Manager, I oversee payment of employer contributions pursuant to the collective

24  bargaining agreements and trust agreements, and initiate negotiations and collection actions on

25  delinquent accounts.   My duties also include reviewing internal accounting reports regarding

26  delinquent contributions owed by employers under collective bargaining agreements. In the course

27

28
                                                                         1

1  of my duties as Collections Manager, I became familiar with the accounts of defendant JOSEPH

2  FRANCIS POWELL, individually and dba POWELL DRILLING & PILE DRIVING. I therefore

3  have personal knowledge of the matters stated herein and could competently testify to them if

4  called upon to do so at trial.

5     2.     POWELL DRILLING & PILE DRIVING became signatory to the Independent

6  Northern California Construction Agreement, the "Collective Bargaining Agreement," on January

7  24, 2000, by signature of "Joseph F. Powell, owner." It has not been terminated by either party to

8  the Agreement. Attached hereto as *Exhibit A* is a true and correct copy of the Independent

9  Northern California Construction Agreement.

10    3.     JOSEPH FRANCIS POWELL is the sole proprietor of, and conducts business as,

11  POWELL DRILLING & PILE DRIVING. More recently, his son, MARK POWELL, has been

12  running the business and has had numerous discussions with me with regard to this matter.

13  Neither the named defendant in this action nor his adult son is an infant, incompetent person, or in

14  the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. This

15  knowledge is based upon comments made to me during my conversations with MARK POWELL

16  when I have phoned him to discuss the status of POWELL DRILLING & PILE DRIVING. I also

17  know based upon my conversations with MARK POWELL that he and his father reside in and

18  conduct business in California, although his father resides partly in Tennessee as well. This

19  knowledge is based on the fact that MARK POWELL corresponded with me since opening the

20  POWELL DRILLING & PILE DRIVING account with the Trust Funds from an address in San

21  Jose, California. Furthermore, I phoned POWELL DRILLING & PILE DRIVING's number for

22  business at (760) 792-0639 and successfully contacted MARK POWELL.

23

24

25

26

27

28

2

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5191 CRB**

4.      Attached hereto as *Exhibit B* and incorporated herein by reference is a true and correct copy of business information from the California State Licensing Board website reflecting and confirming the information stated above.

5.      The Collective Bargaining Agreement between POWELL DRILLING & PILE DRIVING and the Operating Engineers Local Union No. 3 incorporates the Master Agreement for Northern California between the Operating Engineers Local Union No.3 and the Associated General Contractors of California, Inc., et al., by reference. The Master Agreement for the period 2002-2006 (which includes the period audited), Section12.13.00 et seq., provides that an employer must pay any monies found due upon audit, plus auditors fees, attorneys fees and costs. Attached hereto as *Exhibit C* and incorporated herein by reference is a true and correct copy of this Section. Identical provisions are contained in the prior and subsequent Master Agreements.

6.      The Collective Bargaining Agreement requires signatory employers to make timely contributions into the Trust Funds at a specified rate for each hour worked by, or paid by, all employees performing work covered under the Master Agreement. It also requires employers to report the number of covered hours worked by, or paid to, each of their employees performing covered work by submitting Employer Reports of Contributions, along with the amounts owed pursuant to the Reports, to the Trust Funds. The Master Agreement, Sections 12.13.01 through 12.13.03, attached hereto as *Exhibit C*, provides that liquidated damages are calculated at $35.00 or 15% of the amount due for contributions, whichever is greater.  When contributions are paid, they are allocated **on a fund by fund basis**, and that is how the liquidated damages are calculated as well.  Thus, liquidated damages for any particular fund are never lower than $35.00, which is reflected in *Exhibit C* of the *Declaration of Philip J. McNally* filed herewith (2006 Account Summary).  That minimum of $35.00, or 15% of the delinquent contributions if it is greater than $35.00, is applied to each fund.  Interest is then calculated at 12% per annum on the <u>combined</u>

3

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5191 CRB**

1 total of contributions and liquidated damages, from the 26th day of each month in which no

2 contributions were received or timely postmarked by the 25th, until payment is received.

3        7.      The Trust Agreements governing the Operating Trust Funds provide for an audit of

4 the books and records of signatory employers so that the Trust Funds may determine if the

5 employer is making full and prompt payment of required contributions. Article IV, Section 6, of

6 the Trust Agreement for the Pension Trust Fund For Operating Engineers, which is representative

7 of the language of the Agreements for the other Operating Engineers Trust Fund named in this

8

9 proceeding, provides that:

10       The Board can require the Employer. . .to submit to it any information,
11       data, report, or documents reasonably relevant to and suitable for the
      purposes of such administration . . . Reasonable cause appearing therefore
12       upon notice I writing from the Board, a Contributing Employer must permit
      a certified public accountant appointed by the Board to enter upon the
13       premises of such employer during business hours, at all reasonable time or
      times, and to examine such books, records, papers or reports of such
14       Contributing Employer as may be necessary to determine whether such
      Contributing Employer is making full and prompt payment of all sums
15       required to be paid by him or it to this Fund.

16 A true and accurate copy of the Trust Agreement for the Pension Trust Fund For Operating

17 Engineers is attached hereto as *Exhibit D.*   At the time of filing of this action, defendant has

18 refused to comply with the requested audit, which has now been performed.

19

20       8.      According to my records, it came to light upon submission of paystubs by

21 defendant's employee Bobbie J. Rancourt, that the defendant in this action failed to include that

22 employee in its Reports of Contributions for the months of December 2006 and February through

23 May 2007, as required by the Master Agreement and Trust Agreements. Based upon this fact, a

24 question arose concerning the lack of compliance by POWELL DRILLING & PILE DRIVING

25 with the provisions of both the Trust Agreement and the Master Agreement, requiring the prompt

26

27 and correct reporting and payment of all reports and contributions required to be made to the Trust

28 Funds. An audit on paystubs submitted by employee Bobbie J. Rancourt was performed to

4

1  determine amounts of contributions that should have been reported on her behalf.  As a result, a

2  payroll audit was required to determine if all defendants' reporting and payment compliance as to

3  its employees had been made.

4      9.     The audit of paystubs submitted for the period from December 2006 through May

5  31, 2007 by employee Bobbie J. Rancourt was performed in August 2007 by Hemming Morse,

6

7  Inc., auditors for plaintiffs, and the report submitted to me revealed $10,032.26 due and owing in

8  contributions to plaintiffs, for hours worked by Ms. Rancourt.  It further revealed wage violations

9  totaling $437.20.

10     10.     On or about September 19, 2007, I referred the matter to counsel, Muriel B.

11  Kaplan, to pursue payment of the amounts found due upon audit of Bobbie J. Rancourt's paystubs,

12  as well as to demand compliance with an audit of defendant's payroll records.  Thereafter, this

13  action was filed on October 10, 2007 and ultimately defendant ultimately complied with the audit.

14  It was subsequently determined that defendant failed to pay contributions for hours worked from

15  November 1, 2006 through January 31, 2008,  all totaling $53, 325.49 **including** those determined

16

17  from Ms. Rancourt's paystubs, plus liquidated damages and interest.

18     11.     On or about January 2008, after the entry of default on December 21, 2007, I

19  contacted MARK POWELL in connection with those unpaid contributions.  He agreed to make

20  certain payments, and since that time $26,000 has been made to plaintiffs by two joint checks of

21  $13,000 each.  I continued to attempt to resolve all of the defendants' debt with MARK POWELL,

22  but no conclusion was reached.  At no time did defendant JOSEPH FRANCIS POWELL contact

23

24  me.  I therefore instructed counsel to proceed with the Motion for the remaining amounts due on

25  audit.

26  ///

27  ///

28

5

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5191 CRB**

12. Attached as *Exhibit E* is the Trust Funds' record of the current status of the account as follows:

a) The principal amounts for November 1, 2006 through January 31, 2008 found due and unpaid on audit totaled $54, 998.21. Those amounts are shown as "due" on *Exhibit E* for that period, totaling $54, 998.21.

b) Defendant made a payment of $13,000 on February 21, 2008, reducing the "principal balance" to $41,988.21 shown as of February 24, 2008 in *Exhibit E*.

c) Thereafter, he reported contributions due for hours worked by his employees in February 2008 as $7,325.32, thereby increasing the total due to $49,313.53. Additional liquidated damages and interest were incurred as this amount was not paid as required in March 2008.

d) On April 14, 2008, a second payment of $13,000 was made reducing the principal balance to $36, 313.52, which remains due and owing.

e) The interest showing on *Exhibit E* is that which accrued following the interest included on the audit report through February 20, 2008 (*McNally Declaration*, *Exhibit C*). It is calculated on the reduced principal following defendant's two payments, and includes accrual on the unpaid contributions for February 2008. Liquidated damages for that month are also reflected on *Exhibit E*. The additional interest totals $995.21; liquidated damages are $1003.51.

f) Defendant has failed to report March 2008 hours worked and the April hours' report and payment were due on May 15, 2008. They will be delinquent if not received by May 25, 2008.

13. The Trust Funds have incurred auditor's and attorneys' fees and costs that are detailed in the accompanying *Declarations of Philip J. McNally* and of *Muriel B. Kaplan*, filed herewith, in support of Motion for Entry of Default Judgment. Section 12.13.02 of the Master

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT**
**CASE NO.: C07-5191 CRB**

P:\CLIENTS\OE3CL\Powell Drilling\Pleadings\Powell - Motion for Default Judgment\C07-5191 CRB Declaration of W. McBride 052108.doc

1  Agreement for 2006-2010, attached hereto as *Exhibit C,* provides for the recovery of attorneys'

2  and accountants' fees and costs in an action to determine and recover a delinquent balance due.

3          I declare under penalty of perjury that the foregoing is true and correct and that if called

4  upon as a witness, I could testify to the foregoing on the basis of my personal, direct knowledge.

5          Executed this 23rd day of May 2008, at Sacramento, California.

6

7                                      _____/s/_____

8                                      Wayne E. McBride

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                                  7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PROOF OF SERVICE</u>

I, the undersigned, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California.  I am over the age of eighteen and not a party to this action.  My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

On May 23, 2008, I served the following document(s):

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

on the interested parties in said action by placing a true and exact copy of each document in a sealed envelope with postage thereon fully prepaid, in a United States Post Office box in San Francisco, California, addressed as follows:

**Powell Drilling & Pile Driving**              **Mark Powell**
**c/o Joseph Francis Powell**                    **390 Western States Drive**
**390 Western States Drive**                     **Felton, CA 95018**
**Felton, CA 95018**

**Joseph Francis Powell**
**1635 Cedar Haven Way**
**Newport, TN 37821-6974**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 23rd day of May, 2008, at San Francisco, California.

_____/s/_____
Diana Sage

1

**DECLARATION OF WAYNE E. McBRIDE IN SUPPORT
CASE NO.: C07-5191 CRB**

P:\CLIENTS\OE3CL\Powell Drilling\Pleadings\Powell - Motion for Default Judgment\C07-5191 CRB Declaration of W. McBride 052108.doc