Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH FRANCIS POWELL, individually and dba POWELL DRILLING & PILE DRIVING.<br><br>Defendant. | Case No.: C07-5191 CRB<br><br>**AMENDED JUDGMENT, PURSUANT TO STIPULATION** |

DEFAULT JUDGMENT having been entered by the Court on June 24, 2008, in favor of plaintiffs and against defendant in the total amount of $66,112.97, plus interest at the rate of 12% per annum from May 15, 2008, the parties hereto now stipulate to this Amended Judgment, under the following terms:

1.     Defendant entered into a valid collective bargaining agreement with the Operating Engineers Local 3 (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**

2.      On June 24, 2008, judgment was entered in favor of plaintiffs in the amount of $66,112.93, plus 12% interest on the unpaid contributions (from November, 2006 through those estimated for March 2008) and liquidated damages.  Plaintiffs acknowledge that defendant had previously paid $26,000, and an additional $20,039.72 was paid to plaintiffs just prior to entry of Judgment, thereby reducing contributions owed to $29,048.21. Adjustments to reflect the actual amounts due for March 2008 are included in the chart below, together with accurate amounts included in the Judgment previously provided to defendants, as well as subsequent unpaid contributions, additional interest and attorneys fees incurred, as provided under the Collective Bargaining Agreement,  all as follows:

| | | |
|---|---|---|
| Contributions (11/06-1/08, 4/08 balance | | $29,048.21 |
| *Liquidated Damages 11/06-4/08* | | *$11,047.27* |
| Interest (11/06-4/08) (adjusted as of payments received) | | $1,382.30 |
| Audit Costs | | $1,650.71 |
| Attorney's Fees (9/20/07-5/12/08) | $5,224.50 | |
| (5/13/08-6/25/08) | $2,579.00 | |
| | | $7,803.50 |
| Costs | | $588.00 |
| **TOTAL** | | **$51,519.99** |

3.      Defendant shall *conditionally* pay the amount of **$40,472.72** (the total due, less all liquidated damages, totaling $11,047.27), conditioned on timely payments of all amounts and contributions due herein, as follows:

(a)      Beginning on July 15, 2008 and continuing on or before the 15th day of each month for a period of 12 months, defendant will pay to plaintiffs **$3,600.00** per month.

(b)      Defendant shall have the right to increase the monthly payments at any time, which may also be made by joint check from a general contractor, if endorsed by defendant prior to submission to plaintiffs.

(c)      Payments shall be applied first to unpaid interest at the rate of 12% per annum on contributions plus liquidated damages, in accordance with the Collective Bargaining Agreement and plaintiffs' Trust Agreements.

(d) Post-judgment interest will accrue on the remaining balance of this judgment ($11,424.51) at the post-judgment interest rate of 2.51% in accordance with 28 U.S.C 1961(a), 18 U.S.C. 3612(f)(2)(B) and 40 U.S.C. 258(e)(1) at the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the judgment.

(e) Payments shall be made to the "Operating Engineers Trust Funds," and delivered to Muriel B. Kaplan, Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA 94104 **on or before the 15th day of each month as stated above**, or to such other address as may be specified by plaintiffs. In the event that any check is not timely submitted or submitted by defendant but fails to clear the bank, or is unable to be negotiated for any reason, this shall be considered to be a default on the Judgment entered. If this occurs, plaintiffs shall make a written demand to defendant to cure said default. Default will only be cured by the issuance of a replacement, *cashier's check*, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from plaintiffs. If defendant elects to cure said default, and plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default was caused by a failed check. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

4. Defendant shall pay May, 2008, and timely June, 2008 contributions to plaintiff Trust Funds on or before July 15, 2008.

5. Beginning with contributions due for hours worked by defendant's employees during the month of July 2008, due on August 15, 2008 and delinquent if not received by August 25, 2008 and for every month thereafter until this judgment is satisfied, defendant *shall remain current in contributions* due to plaintiffs under the current Collective Bargaining Agreement and under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as amended. *Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Muriel B. Kaplan at 415-882-9287, prior to sending the payment to the Trust Fund office so that timely compliance can be confirmed.* Failure by defendant to remain current in contributions shall constitute a default of the obligations under this agreement

and the provisions of Paragraph 7 shall apply. Any such unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions and the provisions of this agreement are in addition thereto.

6. Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise defendant in writing, of any additional amounts owed pursuant to this Stipulation, which shall include, but not be limited to, any additional attorney's fees and costs incurred in this matter. Said amount shall be paid with the last payment due under this agreement. At that time, plaintiffs shall also advise defendant as to whether or not the conditional waiver of liquidated damages has been granted. The liquidated damages conditionally waived under the terms of this Agreement will be waived upon Trustee approval, and conditioned on compliance with the terms of this Agreement. Should the liquidated damages not be waived, payments will continue as specified above, until the balance due is paid in full.

7. In the event that defendant fails to make any payment required under Paragraphs 3 and 4 above, or fails to remain current in any contributions under Paragraphs 5 above, then,

(a) The entire balance of **$51,519.99** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon as provided in above Paragraph 3 shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b) A writ of execution may be obtained against defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the plaintiffs setting forth any payment theretofore made by or on behalf of defendant and the balance due and owing as of the date of default. <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings,</u>

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**

1  including, but not limited to, plaintiffs' obtaining a writ of execution herein.

2        (c)    Defendant expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution, without further notice to defendant.

      (d)    Defendant shall pay all additional costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed to plaintiffs under this Stipulation. These amounts shall be included in the last payment hereunder.

8. Any failure on the part of the plaintiffs to take any action against defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the defendant of any provisions herein.

9. Plaintiffs specifically reserve all rights to bring a subsequent action against defendant for the collection of any additional contribution delinquencies found to be due for the hours worked during the periods preceding the date of this Stipulation. Defendant specifically waives the defense of the doctrine of res judicata in any such action.

10. In the event of the filing of a bankruptcy petition by the defendant, the parties agree that any payments made pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by defendant or guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Agreement.

12. Defendant represents and warrants that he has had the opportunity to be, or has been, represented by counsel of his own choosing in entering this Agreement, that he has read this

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**

P:\CLIENTS\OE3CL\Powell Drilling\Pleadings\C07-5191 CRB Amended Judgment, Pursuant to Stipulation 062608.DOC

Agreement with care and is fully aware of and understands that he enters into this Agreement voluntarily.

13. Mark Powell, Manager of defendant Power Drilling hereby guarantees payment of the amounts due herein, and acts as guarantor of all terms above. As such, any reference to or obligation by "Defendant" above, shall include Mark Powell, who shall also receive any notice of default under paragraph 3(e).

14. This Agreement may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: July 3, 2008        **POWELL DRILLING & PILE DRIVING**

By:_____/s/_____
      Joseph Francis Powell, Owner

Dated: July 3, 2008        **JOSEPH FRANCIS POWELL**

_____/s/_____
Individually

Dated: June _____, 2008   **MARK POWELL, Manager**

_____
Individually

Dated: June 30, 2008       **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

_____/s/_____
Wayne E. McBride

**IT IS SO ORDERED**.

Dated: _____, 2008    _____
                                   UNITED STATES DISTRICT COURT JUDGE

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**