1 | Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
(415) 882-7900
4 | (415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
5 | mstafford@sjlawcorp.com

*FILED*

*JUL 3 0 2008*

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA

6 | Attorneys for Plaintiffs

7

8

9 | UNITED STATES DISTRICT COURT

10 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | GIL CROSTHWAITE, et al., as Trustees of the
OPERATING ENGNEERS HEALTH AND
13 | WELFARE TRUST FUND FOR NORTHERN
CALIFORNIA, et al.,

14 |            Plaintiffs,

15 | v.

16 | JOSEPH FRANCIS POWELL, individually
and dba POWELL DRILLING & PILE
17 | DRIVING.

18 |            Defendant.

19 |

Case No.: C07-5191 CRB

**REQUEST FOR ISSUANCE OF
WRIT OF EXECUTION;
DECLARATION OF MURIEL B. KAPLAN
IN SUPPORT THEREOF**

20

21 | TO THE CLERK OF THE COURT:

22 |      I, Muriel B. Kaplan, declare under penalty of perjury that:

23 |      1.      I am the attorney for the plaintiffs in the above-entitled action.

24 |      2.      On July 21, 2008, within ten years past, and following entry of Judgment by the

25 | Court, an Amended Judgment, Pursuant to Stipulation (hereinafter "Stipulated Judgment") was

26 | entered in favor of plaintiffs and against defendants in the total amount of **$55,519.99**, plus

27 | interest. The stipulation was signed by Joseph Francis Powell, Owner of defendant Power Drilling

28 |

**REQUEST FOR ISSUANCE OF WRIT OF EXECUTION
Case No.: C07-5191 CRB**

**1** & Pile Driving, and by defendant Joseph Francis Powell, individually, on July 3, 2008. A true and
**2** accurate copy of the Judgment is attached hereto as *Exhibit A*.

**3**     3.     In accordance with paragraph 3(a) of the Stipulated Judgment, beginning on July
**4** 15, 2008, and continuing on or before the 15th day of each month for a period of 12 months,
**5** defendants Powell Drilling & Pile Driving and Joseph Francis Powell, individually, were to make
**6** stipulated payments to plaintiffs of $3,600.00.

**7**     4.     Defendants are in default of the Stipulated Judgment, having failed to make its first
**8** stipulated payment due on July 15, 2008.

**9**     5.     In accordance with paragraph 7(a) of the Stipulated Judgment, the entire balance of
**10** $51,519.99 plus interest, together with any additional attorneys' fees and costs, become due in the
**11** event of default of the Stipulated Judgment.

**12**     6.     In accordance with paragraphs 3(c) and 3(d) of the Stipulated Judgment, interest
**13** accrues at the rate of 12% per annum on the unpaid principal balance and liquidated damages
**14** ($40,095.48), and at the rate of 2.51% on the remaining amounts due ($11,424.51).  Ten (10) days
**15** have elapsed from July 15, 2008 (the date on which defendants' first payment was due) to July 25,
**16** 2008.  Therefore **$139.68** in interest has accrued through July 25, 2008.

**17**     7.     Attorneys fees through June 25, 2008 are included in the Stipulated Judgment.
**18** Attorneys fees in the amount of **$1,240.00** have accrued from June 26, 2007 through July 25,
**19** 2008, in the finalization and filing with the Court of the Judgment Pursuant to Stipulation,
**20** telephone communication with Joseph Powell, conferences with plaintiffs, notice of default, and in
**21** the preparation of this Request for Issuance of Writ of Execution and the Writ of Execution, which
**22** is enclosed for issuance.

**23**     I personally have spent 3.5 hours from June 26, 2008 to July 25, 2008, when my time was
**24** billed at the rate of $185.00 per hour, in connection herewith. My attorneys' fees were reasonably
**25** incurred in the total amount of $647.50.

**26**     I am informed and believe that Michele R. Stafford, an associate in this firm, spent 0.2
**27**
**28** hours from June 26, 2008 to July 25, 2008 when her time was billed at the rate of $180.00 per

**REQUEST FOR ISSUANCE OF WRIT OF EXECUTION**
**Case No.: C07-5191 CRB**

1  hour, in connection with the above stated activities regarding this matter. The attorneys' fees

2  reasonably incurred by Ms. Stafford therefore total $36.00.

3      I am informed and believe that Vanessa de Fábrega, a paralegal with this firm, spent 5.3

4  hours from June 26, 2008 to July 25, 2008 in connection with the above stated activities regarding

5  this matter, as well as electronic research, electronic filings and service of documents. The

6

7  attorneys' fees reasonably incurred by Ms. de Fábrega therefore total $556.50.

8      The attorneys' fees reasonably incurred through July 25, 2008 by plaintiffs therefore total

9  $1,240.00.

10     8.    The total amount now due and owing by defendants to plaintiffs is as follows:

11         Principal Balance due on Judgment          **$51,519.99**
           Interest (7/15/08-7/25/08)               **$139.68**
12         Attorneys fees (6/25/08-7/25/08           **$1,240.00**
13         **TOTAL**                                **$52,899.67**

14

15     8.    The business entity defendant is not an infant or an incompetent person, nor is the

16  individual defendant an infant or incompetent person or in the military service of the United

17  States.

18     WHEREFORE, it is prayed that a Writ of Execution be promptly issued against Powell

19  Drilling & Pile Driving and Joseph Francis Powell, individually, for $52,899.67 plus $14.06 per

20  diem interest from July 26, 2008, until satisfied, and that the Court retain jurisdiction over this

21  matter.

22     I declare under penalty of perjury that the foregoing is true of my own knowledge and if

23  called upon I could competently testify thereto.

24  Dated: July 28, 2008                    SALTZMAN & JOHNSON
                                            LAW CORPORATION
25

26

27                                          Muriel B. Kaplan
                                            Attorneys for Plaintiffs

28

**REQUEST FOR ISSUANCE OF WRIT OF EXECUTION**
**Case No.: C07-5191 CRB**

# *EXHIBIT A*

Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, et al., as Trustees of the OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH FRANCIS POWELL, individually and dba POWELL DRILLING & PILE DRIVING. <br><br> Defendant. | Case No.: C07-5191 CRB <br><br> **AMENDED JUDGMENT, PURSUANT TO STIPULATION** |

DEFAULT JUDGMENT having been entered by the Court on June 24, 2008, in favor of plaintiffs and against defendant in the total amount of $66,112.97, plus interest at the rate of 12% per annum from May 15, 2008, the parties hereto now stipulate to this Amended Judgment, under the following terms:

1.    Defendant entered into a valid collective bargaining agreement with the Operating Engineers Local 3 (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**

1    2.    On June 24, 2008, judgment was entered in favor of plaintiffs in the amount of

2 $66,112.93, plus 12% interest on the unpaid contributions (from November, 2006 through those

3 estimated for March 2008) and liquidated damages. Plaintiffs acknowledge that defendant had

4 previously paid $26,000, and an additional $20,039.72 was paid to plaintiffs just prior to entry of

5 Judgment, thereby reducing contributions owed to $29,048.21. Adjustments to reflect the actual

6 amounts due for March 2008 are included in the chart below, together with accurate amounts

7 included in the Judgment previously provided to defendants, as well as subsequent unpaid

8 contributions, additional interest and attorneys fees incurred, as provided under the Collective

9 Bargaining Agreement, all as follows:

| | | |
|---|---|---|
| Contributions (11/06-1/08, 4/08 balance | | $29,048.21 |
| *Liquidated Damages 11/06-4/08* | | *$11,047.27* |
| Interest (11/06-4/08) (adjusted as of payments received) | | $1,382.30 |
| Audit Costs | | $1,650.71 |
| Attorney's Fees (9/20/07-5/12/08) | $5,224.50 | |
| (5/13/08-6/25/08) | $2,579.00 | |
| | | $7,803.50 |
| Costs | | $588.00 |
| **TOTAL** | | **$51,519.99** |

17    3.    Defendant shall ***conditionally*** pay the amount of **$40,472.72** (the total due, less all

18 liquidated damages, totaling $11,047.27), conditioned on timely payments of all amounts and

contributions due herein, as follows:

20    (a)    Beginning on July 15, 2008 and continuing on or before the 15th day of

each month for a period of 12 months, defendant will pay to plaintiffs **$3,600.00** per month.

22    (b)    Defendant shall have the right to increase the monthly payments at any

time, which may also be made by joint check from a general contractor, if endorsed by defendant

prior to submission to plaintiffs.

25    (c)    Payments shall be applied first to unpaid interest at the rate of 12% per

annum on contributions plus liquidated damages, in accordance with the Collective Bargaining

Agreement and plaintiffs' Trust Agreements.

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**

P:\CLIENTS\OE3CL\Powell Drilling\Pleadings\C07-5191 CRB Amended Judgment, Pursuant to Stipulation 062608.DOC

1         (d)     Post-judgment interest will accrue on the remaining balance of this

2 judgment ($11,424.51) at the post-judgment interest rate of 2.51% in accordance with 28 U.S.C

3 1961(a), 18 U.S.C. 3612(f)(2)(B) and 40 U.S.C. 258(e)(1) at the weekly average 1-year constant

4 maturity Treasury yield for the calendar week preceding the judgment.

5         (e)     Payments shall be made to the "Operating Engineers Trust Funds," and

6 delivered to Muriel B. Kaplan, Saltzman & Johnson Law Corporation, 44 Montgomery Street,

7 Suite 2110, San Francisco, CA 94104 **on or before the 15th day of each month as stated above,**

8 or to such other address as may be specified by plaintiffs. In the event that any check is not timely

9 submitted or submitted by defendant but fails to clear the bank, or is unable to be negotiated for

10 any reason, this shall be considered to be a default on the Judgment entered. If this occurs,

11 plaintiffs shall make a written demand to defendant to cure said default. Default will only be

12 cured by the issuance of a replacement, ***cashier's check***, delivered to Saltzman and Johnson Law

13 Corporation within seven (7) days of the date of the notice from plaintiffs. If defendant elects to

14 cure said default, and plaintiffs elect to accept future payments, all such payments shall be made

15 by cashier's check if the default was caused by a failed check. In the event default is not cured, all

16 amounts remaining due hereunder shall be due and payable on demand by plaintiffs.

17     4.     Defendant shall pay May, 2008, and timely June, 2008 contributions to plaintiff

18 Trust Funds on or before July 15, 2008.

19     5.     Beginning with contributions due for hours worked by defendant's employees

20 during the month of July 2008, due on August 15, 2008 and delinquent if not received by August

21 25, 2008 and for every month thereafter until this judgment is satisfied, defendant ***shall remain***

22 ***current in contributions*** due to plaintiffs under the current Collective Bargaining Agreement and

23 under all subsequent collective bargaining agreements, if any, and the Declarations of Trust as

24 amended. ***Defendant shall fax a copy of the contribution report for each month, together with a***

25 ***copy of that payment check, to Muriel B. Kaplan at 415-882-9287, prior to sending the payment***

26 ***to the Trust Fund office so that timely compliance can be confirmed.*** Failure by defendant to

27 remain current in contributions shall constitute a default of the obligations under this agreement

28

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**

1  and the provisions of Paragraph 7 shall apply. Any such unpaid or late paid contributions,
2  together with 15% liquidated damages and 12% per annum interest accrued on the total
3  contributions and liquidated damages, shall be added to and become a part of this Judgment and
4  subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining
5  Agreement and Declarations of Trust of the Trust Funds for collection of current and future
6  contributions and the provisions of this agreement are in addition thereto.

7      6.      Prior to the last payment pursuant to this Stipulation, plaintiffs shall advise
8  defendant in writing, of any additional amounts owed pursuant to this Stipulation, which shall
9  include, but not be limited to, any additional attorney's fees and costs incurred in this matter. Said
10  amount shall be paid with the last payment due under this agreement. At that time, plaintiffs shall
11  also advise defendant as to whether or not the conditional waiver of liquidated damages has been
12  granted. The liquidated damages conditionally waived under the terms of this Agreement will be
13  waived upon Trustee approval, and conditioned on compliance with the terms of this Agreement.
14  Should the liquidated damages not be waived, payments will continue as specified above, until the
15  balance due is paid in full.

16      7.      In the event that defendant fails to make any payment required under Paragraphs 3
17  and 4 above, or fails to remain current in any contributions under Paragraphs 5 above, then,

18          (a)      The entire balance of **$51,519.99** plus interest, reduced by principal
19  payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15%
20  liquidated damages and 12% pcr annum interest thereon as provided in above Paragraph 3  shall
21  be immediately due, together with any additional attorneys' fees and costs under section (d)
22  below.

23          (b)      A writ of execution may be obtained against defendant without further
24  notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,
25  upon declaration of a duly authorized representative of the plaintiffs setting forth any payment
26  theretofore made by or on behalf of defendant and the balance due and owing as of the date of
27  default. Defendant specifically consents to the authority of a Magistrate Judge for all proceedings,

28

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**

1    including, but not limited to, plaintiffs' obtaining a writ of execution herein.

2            (c)    Defendant expressly waives all rights to stay of execution and appeal.  The

3    declaration or affidavit of a duly authorized representative of plaintiffs as to the balance due and

4    owing as of the date of default shall be sufficient to secure the issuance of a writ of execution,

5    without further notice to defendant.

6            (d)    Defendant shall pay all additional costs and attorneys' fees incurred by

7    plaintiffs in connection with collection and allocation of the amounts owed to plaintiffs under this

8    Stipulation.  These amounts shall be included in the last payment hereunder.

9        8.    Any failure on the part of the plaintiffs to take any action against defendant as

10   provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

11   a waiver of any subsequent breach by the defendant of any provisions herein.

12       9.    Plaintiffs specifically reserve all rights to bring a subsequent action against

13   defendant for the collection of any additional contribution delinquencies found to be due for the

14   hours worked during the periods preceding the date of this Stipulation. Defendant specifically

15   waives the defense of the doctrine of res judicata in any such action.

16       10.    In the event of the filing of a bankruptcy petition by the defendant, the parties agree

17   that any payments made pursuant to the terms of this judgment, shall be deemed to have been

18   made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall

19   not be claimed by defendant or guarantor as a preference under 11 U.S.C. Section 547 or

20   otherwise.  Defendant nevertheless represents that no bankruptcy filing is anticipated.

21       11.    Should any provision of this Agreement be declared or determined by any court of

22   competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

23   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

24   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

25   Agreement.

26       12.    Defendant represents and warrants that he has had the opportunity to be, or has

27   been, represented by counsel of his own choosing in entering this Agreement, that he has read this

28

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
**Case No.: C07-5191 CRB**

1  Agreement with care and is fully aware of and understands that he enters into this Agreement

2  voluntarily.

3      13.    Mark Powell, Manager of defendant Power Drilling hereby guarantees payment of

4  the amounts due herein, and acts as guarantor of all terms above. As such, any reference to or

5  obligation by "Defendant" above, shall include Mark Powell, who shall also receive any notice of

6  default under paragraph 3(e).

7      14.    This Agreement may be executed in any number of counterparts and by facsimile,

8  each of which shall be deemed an original and all of which shall constitute together one and the

9  same instrument.

10  Dated: July 3, 2008          **POWELL DRILLING & PILE DRIVING**

11

12  By:_____/s/_____

                      Joseph Francis Powell, Owner

13  Dated: July 3, 2008          **JOSEPH FRANCIS POWELL**

14

15  _____/s/_____

16                  Individually

17  Dated: June _____, 2008      **MARK POWELL, Manager**

18

19  _____

                Individually

20  Dated: June 30, 2008       **OPERATING ENGINEERS LOCAL 3**

21                      **TRUST FUNDS**

22

23  _____/s/_____

                Wayne E. McBride

24  **IT IS SO ORDERED**.

25

26  Dated: _____July 21_____, 2008   _____

27               UNITED STATES DISTRICT COURT JUDGE

28                      Judge Charles R. Breyer

**AMENDED JUDGMENT, PURSUANT TO STIPULATION**
Case No.: C07-5191 CRB